## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE PICKETT, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-1705 |
| | : | |
| DR. LITTLE, *et al.* | : | |
| *Defendants.* | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                   **May 5, 2023**

In a prior Memorandum and Order filed by Chief Judge Sánchez, *see Burk, et al. v. Dr. Little*, No. 23-1005, 2023 WL 2955896 (E.D. Pa. April 14, 2023), the Court dismissed in part a Complaint filed jointly by Ishmael Burk, George Pickett, and Caleb Hollenbach, each of whom is a convicted inmate housed at SCI Chester.  The Plaintiffs were granted the option of proceeding only on the claims the Court determined were plausible, or filing an amended complaint.  George Pickett has now returned with his own Amended Complaint using the Court's form complaint augmented with additional handwritten pages.[1]  (ECF No. 2.)  For the following reasons, the Court dismisses the Amended Complaint with leave to try again.

---

[1] The three original plaintiffs opted to file separate amended complaints rather than continue to proceed jointly.  By Orders filed on May 1 and 4, 2023 (Civ. A. No. 23-1005, ECF Nos. 19, 20), Chief Judge Sánchez directed the Clerk of Court to sever the claims of Caleb Hollenbach and George Pickett into new civil actions so that each case could proceed separately.  Pickett's case was then randomly assigned.

I[2]

In the original Complaint, all three plaintiffs alleged they had been denied medical treatment while at SCI Chester.  (Civ. A. No. 23-1005, Compl. (ECF No. 2).)  In his separate Amended Complaint, Pickett names as Defendants SCI Chester, Well Path, and Well Path employees Dr. Little, PA Nicholson, Ms. Favoloro, Ms. Ford, Ms. Mitchell, Ms. Gaskin, Ms. Farmer, Ms. Hayliee, and Ms. Bellinger.[3]  (AC at 2-3, 14.)  Pickett's allegations are sparse.  He alleges that "SCI Chester has created [an] atmosphere [where Pickett] cannot submit sick calls, sick calls are return[ed] to the plaintiffs as denied."  (*Id*. at 13.)  He asserts that SCI Chester has "pressured [him] to not submit sick calls regarding job related injuries."  (*Id*. at 12 and 13.)  Well Path has allegedly denied him medical treatment due to injuries and has returned all of his sick call slips.  (*Id*.)  Well Path employee Bellinger has allegedly denied Pickett medical treatment, barred him from going to the medical unit, denied him an elevator pass, covered up medical treatment Pickett was supposed to get from Bellinger, and denied him "future treatment."  (*Id*. at 13.)  Pickett asserts that Well Path hired the other Defendants who do not take injuries seriously, covered up Pickett's injuries, and that this has forced him to work in the prison kitchen.  (*Id*.)  Well Path allegedly failed to

---

[2] Unless otherwise provided, the facts set forth in this Memorandum are taken from Pickett's Amended Complaint (ECF No. 2).  The Court adopts the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

[3] Pickett checked the boxes on the form part of his Amended Complaint indicating that he sought to name SCI Chester and Well Path in their official capacities, and Well Path employee Defendant Bellinger in her official and individual capacities.  (Amend. Compl. at 2-3.)  He did not distinguish capacities of the other Well Path employees listed as Defendants in the handwritten portion of the submission.  The Court will liberally construe the Amended Complaint to assert claims against those Defendants in their official and individual capacities.

properly train its employees to handle medical treatment.  (*Id.*)  Pickett seeks money

damages.  (*Id.* at 5.)

## II

Because Pickett has been granted leave to proceed *in forma pauperis*, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state

a claim.  The Court must determine whether the Amended Complaint contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this

early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*]

complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask

only whether [that] complaint, liberally construed, . . . contains facts sufficient to state

a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting

*Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not

suffice. *Iqbal*, 556 U.S. at 678.  Because Pickett is proceeding *pro se*, the Court

construes the Amended Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir.

2021).  However, "'pro se litigants still must allege sufficient facts in their complaints to

support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).

## III

Pickett asserts civil rights claims based on alleged deliberate indifference to his

serious medical needs.  The vehicle by which federal constitutional claims may be

brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff

must allege the violation of a right secured by the Constitution and laws of the United

States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

## A

Pickett asserts official capacity claims for money damages against SCI Chester. In the prior Memorandum, the Court explained that official capacity claims for money damages asserted against an employee or agency of the Commonwealth of Pennsylvania are claims against the Commonwealth itself and are not plausible. *Pickett*, 2023 WL 2955896, at *2. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages, *see Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003), and the Commonwealth is not a "person" as that term is used in 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Accordingly, the claims against SCI Chester are dismissed with prejudice.[4]

## B

The Court also previously explained that to the extent claims are asserted against employees of the contract provider of medical services in their "official capacities," such claims are not cognizable because that contract provider is a private

---

[4] Even if Pickett hadn't checked the "official capacity" box, his claim against SCI Chester could still not proceed. Since SCI Chester is a prison within Pennsylvania's Department of Corrections, it is entitled to Eleventh Amendment immunity and is not a "person" for purposes of § 1983 in any capacity. *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI–Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983.").

entity. *Burk, et al.*, 2023 WL 2955896, at *3 (citing *Kreis v. Northampton Cnty. Prison*, No. 21-2360, 2022 WL 4236692, at *8 (E.D. Pa. Sept. 14, 2022) (stating that official capacity claims are "inapplicable to suits against private parties where the entity is also susceptible to suit")). Rather, the suit would, in effect, be one against the company for whom that individual works. *Id*. (citing *Kentucky v. Graham,* 473 U.S. 159, 105 (1985)). Accordingly, the Court again dismisses all official capacity claims asserted against Well Path employees since Pickett named Well Path as a Defendant and any official capacity claims against its employees are merely duplicative of the direct claim against Well Path. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) ("The district court correctly dismissed these defendants in their official capacity because the Staneks also sued the District."); *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) ("The district court correctly held that the § 1983 claim against Martin in his official capacity as Superintendent is essentially a claim against the Board and thus should be dismissed as duplicative."); *see also Graham*, 473 U.S. at 166 ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

## C

Pickett alleges he was denied treatment for a medical issue at SCI Chester. To state a constitutional claim under the Eighth Amendment based on the failure to provide medical treatment, a convicted prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent

"unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

While Pickett names numerous Well Path employees as Defendants, with the exception of Nurse Bellinger his allegations do not specify how any named Defendant was personally involved in refusing, delaying, or preventing him from receiving medical treatment.  Indeed, other than Nurse Bellinger, no other Well Path employee is even mentioned in the body of Pickett's pleading.  He alleges only that "SCI Chester has created [an] atmosphere [where Pickett] cannot submit a sick call," has denied him medical treatment, and threatened him with write-ups regarding his sick call requests, which allegedly delayed him from receiving treatment.  (AC at 13.)  He also asserts that SCI Chester pressured him to not submit sick calls regarding job related injuries.  (*Id*.)  Finally, he contends that Well Path denied him medical treatment for his injuries and has returned all of his sick call slips.  (*Id*. at 12, 13.)  These allegations do not state a plausible deliberate indifference claim against any of the named Well Path employee Defendants.  *Rode*, 845 F.2d at 1207.

Nurse Bellinger allegedly denied Pickett unspecified medical treatment, barred him from going to the medical unit, denied him an elevator pass, covered up medical treatment Pickett was supposed to get from Bellinger and denied him "future treatment."  (*Id*. at 13.)  These allegations lack any specificity, are conclusory and undeveloped, and thus fail to allege a plausible claim that Bellinger was deliberately indifferent to a serious medical need.  While he states he has neck and lower back pain that travels down his legs, Pickett does not provide any details about these conditions to support an allegation they constitute serious medical needs.  (*Id*. at 5.)  He also does not specify what treatment he sought from Bellinger, or what treatment she denied.  Finally, his assertion that he has been denied "future treatment" is speculative.

Because a complaint's "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, cannot "nudge[ ] [a plaintiff's] claims across the line from conceivable to plausible," *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007), the claim against Bellinger cannot proceed.  Accordingly, the individual capacity claims against all Well Path employees are dismissed.  Because Pickett yet may be able to assert plausible deliberate indifference claims, he will be permitted to file a second amended complaint to attempt to cure these defects by telling the Court the "who, what, where and how" details of his alleged deliberate indifference claims against the Well Path employees.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile").

Pickett also alleges that Well Path denied him medical treatment due to injuries, returned all of his sick call slips, employs the other Defendants who do not take injuries seriously, covered up Pickett's injuries, and failed to properly train its employees to handle medical treatment.  A private corporation such as Well Path, which is under contract to provide prison health services, may be liable under § 1983 only if that entity's policies or customs caused the alleged constitutional violation.  *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  For such a claim to be plausible, the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

A plaintiff may also state a plausible basis for liability against an entity like Well Path by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).  In the context of a contract medical provider, the provider's "failure to train or supervise must amount to a policy or custom in disregard of an obvious risk that its employees or agents would commit constitutional violations." *Ponzini v. PrimeCare Med., Inc.*, 269 F. Supp. 3d 444, 526 (M.D. Pa. 2017), *aff'd in part, vacated in part on other grounds sub nom. Ponzini v. Monroe Cnty.*, 789 F. App'x 313 (3d Cir. 2019).  Only in the narrowest of circumstances can a failure to train or supervise be "said to be so obvious, that failure to do so could properly be characterized as deliberate indifference to constitutional rights even without a pattern of constitutional violations." *Id.* (quoting *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 (3d Cir. 2014) (internal citation and quotation marks omitted).

Pickett does not tie any of the claimed violations of his constitutional rights to a Well Path policy or custom.  His claim that Well Path fails to train, supervise, or discipline its staff is conclusory.  He does not state a plausible claim against Well Path and the allegations against Well Path will be dismissed without prejudice.

IV

For the foregoing reasons, the Court dismisses Pickett's Amended Complaint. His claims against SCI Chester are again dismissed with prejudice.  All other claims are dismissed without prejudice, with leave to file a second amended complaint.  An Order of dismissal follows with further information and instructions.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.